# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

SERVICE EMPLOYEES INTERNATIONAL
UNION NATIONAL INDUSTRY
PENSION FUND,
1800 Massachusetts Ave, Suite 301
Washington, D.C. 20036,

and

BOARD OF TRUSTEES OF THE
SERVICE EMPLOYEES
INTERNATIONAL UNION NATIONAL
INDUSTRY PENSION FUND,
1800 Massachusetts Ave, Suite 301
Washington, D.C. 20036,

           Plaintiffs,

v.

A.D.M.E. INVESTMENT PARTNERS,
LTD. d/b/a OCEANSIDE EXTENDED
CARE CENTER,
5151 Church Street, Skokie, Il 60077,

and

A.D.M.E. INVESTMENT CORP.,
5151 Church Street, Skokie, Il 60077,

and

PHILIP ESFORMES, 5077 N. Bay Road,
Miami Beach, FL 33140,

and

ADAR ASSOCIATES/DVAR TOVE, LLC,
5151 Church Street, Skokie, IL 60077,

and

---

Case No. 1:21-cv-01581

**Additional Required Service under 29 U.S.C. § 1132(h) to:**

**U.S. Department of Labor**
**Attn: Assistant Solicitor for Plan Benefits Security**
**200 Constitution Ave., N.W.**
**Washington, DC 20210**

**U.S. Department of Treasury**
**Attn: Secretary of the Treasury**
**1500 Pennsylvania Avenue, NW**
**Washington, D.C. 20220**

ADIRHU ASSOCIATES LLC, 3389 Sheridan Street, #11, Hollywood, FL 33021,

and

ALMOVEA ASSOCIATES LLC D/B/A NORTH DADE NURSING AND REHABILITATION CENTER, 3389 Sheridan Street, #11, Hollywood, FL 33021,

and

AYINTOVE ASSOCIATES LLC D/B/A HARMONY HEALTH CENTER, 5151 Church Street, Skokie, IL 60077,

and

COURTYARD MANOR RETIREMENT LIVING, INC., LLC, 3389 SHERIDAN STREET, #11, HOLLYWOOD, FL 33021,

and

EDEN GARDENS LLC, 7888 67th Court, North Loxahatchee, FL 33470,

and

FAIR HAVENS HOLDING LLC/FAIR HAVENS CENTER LLC, 5151 Church Street, Skokie, IL 60077,

and

FLAMINGO PARK MANOR LLC/THE POINTE, 3051 E. 4th Avenue, Hialeah, FL 33013,

and

LA COVADONGA RETIREMENT LIVING, INC., 820 SW 20th Avenue
Miami, FL 33135,

and

2

LAKE ERSWIN LLC D/B/A SOUTH HIALEAH MANOR/INTERAMERICAN, 240 E. 5th Street, Hialeah, FL 33010,

and

KABIRHU ASSOCIATES LLC D/B/A GOLDEN GLADES NURSING, 3389 Sheridan Street, #11, Hollywood, FL 33021,

and

LAUDERHILL MANOR LLC, 2801 NW 55th Avenue, Lauderhill, FL 33313,

and

LA SERENA RETIREMENT LIVING LLC/LA HACIENDA GARDENS/RAINBOW, 2801 NW 55th Avenue, Lauderhill, FL 33313,

and

JENE'S RETIREMENT INVESTORS LTD, 5151 Church Street, Skokie, IL 60077,

and

SEFARDIK ASSOCIATES, LLC D/B/A THE NURSING CENTER AT MERCY, 5151 Church Street, Skokie, IL 60077,

and

TAKIFHU ASSOCIATES LLC D/B/A SOUTH DADE NURSING AND REHABILITATION CENTER, 3389 Sheridan Street, #11, Hollywood, FL 33021,

and

WILLIAMSBURG RETIREMENT LIVING, 3737 West Arthur Avenue, Lincolnwood, IL 60712.

# COMPLAINT UNDER ERISA FOR WITHDRAWAL LIABILITY, INTEREST, LIQUIDATED DAMAGES, ATTORNEY'S FEES AND COSTS

## INTRODUCTION, JURISDICTION, AND VENUE

1. This is a civil action brought by an employee benefit plan, and by the Trustees of that plan, pursuant to Sections 502(a)(3), (d)(1), (g)(2), 515, 4219, 4221 and 4301 of the Employee Retirement Income Security Act of 1974, *as amended* ("ERISA"), 29 U.S.C. §§ 1132(a)(3), (d)(1), (g)(2), 1145, 1399, 1401, and 1451. The Pension Fund seeks a monetary judgment against Defendants awarding withdrawal liability, accrued interest, liquidated damages, and attorneys' fees and costs, through the date of judgment, as well as those amounts that become due and owing through the date of judgment, pursuant to Sections 502, 515, 4219, 4221, and 4301 of ERISA, 29 U.S.C. §§ 1132, 1145, 1399, 1401, and 1451, the collective bargaining agreement, and the Trust Document governing the Pension Fund.

2. Jurisdiction is conferred upon this Court by Sections 502(e), (f), 4221(b) and 4301(a), (c) of ERISA, 29 U.S.C. §§ 1132(e), (f), 1401(b), 1451(a) and (c). Jurisdiction also lies under 28 U.S.C. § 1331.

3. Venue is proper under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 4301(d) of ERISA, 29 U.S.C. § 1451(d), as Plaintiff the Service Employees International Union National Industry Pension Fund is administered in this District.

4. Pursuant to Section 502(h) of ERISA, 29 U.S.C. § 1132(h), a copy of this complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail on or about the date of filing.

## PARTIES

5. Plaintiff Service Employees International Union National Industry Pension Fund (the "Pension Fund") is an employee pension benefit plan within the meaning of Sections 3(2), (3) of ERISA, 29 U.S.C. §§ 1002(2), (3), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing pension benefits to eligible employees. The Pension Fund is, and at all times material herein has been, a jointly administered trust fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The Pension Fund is administered at 1800 Massachusetts Avenue NW, Suite 301, Washington, DC 20036.

6. Plaintiff Trustees of the Pension Fund, Arun Ivatury, Christopher Bouvier, Jaime Contreras, Thomas LaMartina, Edward J. Manko, John J. Sheridan, Frank A. Maxson, April Verrett, David Huerta, and Efrain Elias are the duly authorized Trustees of the Pension Fund whose duty it is to administer the Pension Fund for the benefit of the participants and beneficiaries of the Pension Fund. Plaintiff Trustees are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized and empowered to maintain this action.

7. Plaintiffs bring this action on behalf of themselves and on behalf of Fund participants and beneficiaries pursuant to Sections 502 and 4301 of ERISA, 29 U.S.C. §§ 1132 and 1451.

8. The Defendants are the Employer that previously employed employees represented by 1115 Florida Division of 1199 Service Employees International Union ("SEIU 1199") and entities related to the Employer and liable for its withdrawal liability. Specifically, as further set forth below, Defendant A.D.M.E. Investment Partners is the real name of Oceanside

Extended Care Center, the Employer who entered into a collective-bargaining agreement with SEIU 1199. A.D.M.E. Investment Corporation is, in turn, the general partner of A.D.M.E. Investment Partners. Defendant Philip Esformes is the owner and chief executive of A.D.M.E. Partners, and, on information and belief, the owner and chief executive of A.D.M.E. Investment Corporation. The remaining Defendants are members of the same control group of Esformes-owned-and-operated skilled nursing facilities or assisted living facilities; together with A.D.M.E Partners, the control group of nursing homes owned and operated by Esformes make up the "Esformes Network."

9. Oceanside Extended Care Center ("Oceanside") was, until about February 2017, a skilled nursing facility located at 550 Ninth St., Miami Beach, FL 33139. At all relevant times between at least April 26, 2002 and February 2017, Oceanside was party to a collective-bargaining agreement with SEIU 1199 that, *inter alia*, required Oceanside to make contributions to the Pension Fund on behalf of its represented employees.

10. Defendant A.D.M.E. Investment Partners ("A.D.M.E. Partners") is a Florida limited partnership that, until about February 2017, did business as Oceanside Extended Care Center. A.D.M.E. Partners is an employer in an industry affecting commerce within the meaning of Sections 3(5), 3(11) and 3(12) of ERISA, 29 U.S.C. § 1002(5), (11), and (12). A.D.M.E. Partners maintains a registered principal place of business at 5151 Church Street, Skokie, IL 60077, and previously operated the Oceanside Extended Care facility located at 550 Ninth St., Miami Beach, FL 33139.

11. Defendant A.D.M.E. Investment Corporation ("A.D.M.E. Corp.") is a Florida Corporation that serves as the sole general partner for A.D.M.E. Partners. A.D.M.E. Corp. maintains a registered principal place of business at 5151 Church Street, Skokie, Il 60077.

12. Defendant Philip Esformes was, at all relevant times, the chief executive officer of A.D.M.E. Partners d/b/a Oceanside. Philip Esformes is the son of Morris Esformes. Upon information and belief, Philip Esformes is domiciled at 5077 N. Bay Road, Miami Beach, FL 33140.

13. In 2016, Philip Esformes was indicted by the United States, in what the U.S. Department of Justice referred to as "the largest single criminal health care fraud case ever brought against individuals by the Department of Justice."

14. Defendant Adar Associates/Dvar Tove, LLC is an employer in an industry affecting commerce within the meaning of Sections 3(5), 3(11) and 3(12) of ERISA, 29 U.S.C. § 1002(5), (11), (12).

15. Defendant Adirhu Associates LLC is an employer in an industry affecting commerce within the meaning of Sections 3(5), 3(11) and 3(12) of ERISA, 29 U.S.C. § 1002(5), (11), (12).

16. Defendant Almovea Associates LLC d/b/a North Dade Nursing and Rehabilitation Center is an employer in an industry affecting commerce within the meaning of Sections 3(5), 3(11) and 3(12) of ERISA, 29 U.S.C. § 1002(5), (11), (12).

17. Defendant Ayintove Associates LLC d/b/a Harmony Health Center is an employer in an industry affecting commerce within the meaning of Sections 3(5), 3(11) and 3(12) of ERISA, 29 U.S.C. § 1002(5), (11), (12).

18. Defendant Courtyard Manor Retirement Living, Inc., LLC is an employer in an industry affecting commerce within the meaning of Sections 3(5), 3(11) and 3(12) of ERISA, 29 U.S.C. § 1002(5), (11), (12).

19. Defendant Eden Gardens LLC is an employer in an industry affecting commerce within the meaning of Sections 3(5), 3(11) and 3(12) of ERISA, 29 U.S.C. § 1002(5), (11), (12).

20. Defendant Fair Havens Holding LLC/Fair Havens Center LLC is an employer in an industry affecting commerce within the meaning of Sections 3(5), 3(11) and 3(12) of ERISA, 29 U.S.C. § 1002(5), (11), (12).

21. Defendant Flamingo Park Manor LLC/The Pointe is an employer in an industry affecting commerce within the meaning of Sections 3(5), 3(11) and 3(12) of ERISA, 29 U.S.C. § 1002(5), (11), (12).

22. Defendant La Covadonga Retirement Living, Inc. is an employer in an industry affecting commerce within the meaning of Sections 3(5), 3(11) and 3(12) of ERISA, 29 U.S.C. § 1002(5), (11), (12).

23. Defendant Lake Erswin LLC d/b/a South Hialeah Manor/Interamerican is an employer in an industry affecting commerce within the meaning of Sections 3(5), 3(11) and 3(12) of ERISA, 29 U.S.C. § 1002(5), (11), (12).

24. Defendant Kabirhu Associates LLC d/b/a Golden Glades Nursing and Rehabilitation Center is an employer in an industry affecting commerce within the meaning of Sections 3(5), 3(11) and 3(12) of ERISA, 29 U.S.C. § 1002(5), (11), (12).

25. Defendant Lauderhill Manor LLC is an employer in an industry affecting commerce within the meaning of Sections 3(5), 3(11) and 3(12) of ERISA, 29 U.S.C. § 1002(5), (11), (12).

26. Defendant La Serena Retirement Living LLC/La Hacienda Gardens/Rainbow is an employer in an industry affecting commerce within the meaning of Sections 3(5), 3(11) and 3(12) of ERISA, 29 U.S.C. § 1002(5), (11), (12).

27. Defendant Jene's Retirement Living, Inc./Jene's Retirement Investors Ltd d/b/a North Miami Retirement Living is an employer in an industry affecting commerce within the meaning of Sections 3(5), 3(11) and 3(12) of ERISA, 29 U.S.C. § 1002(5), (11), (12).

28. Defendant Sefardik Associates, LLC d/b/a The Nursing Center at Mercy is an employer in an industry affecting commerce within the meaning of Sections 3(5), 3(11) and 3(12) of ERISA, 29 U.S.C. § 1002(5), (11), (12).

29. Defendant Takifhu Associates LLC d/b/a South Dade Nursing and Rehabilitation Center is an employer in an industry affecting commerce within the meaning of Sections 3(5), 3(11) and 3(12) of ERISA, 29 U.S.C. § 1002(5), (11), (12).

30. Defendant Williamsburg Retirement Living is an employer in an industry affecting commerce within the meaning of Sections 3(5), 3(11) and 3(12) of ERISA, 29 U.S.C. § 1002(5), (11), (12).

31. Together with Oceanside, the skilled nursing facilities and assisted living facilities set forth in paragraphs 14 - 31 constituted the Esformes Network, and are referred to herein as such.

**WITHDRAWAL LIABILITY FACTUAL ALLEGATIONS**

32. From at least 2002 to February 2017, A.D.M.E. Partners was a participating employer in the Pension Fund.

33. A.D.M.E. Partners, doing business as Oceanside, participated in the Pension Fund pursuant to a series of collective-bargaining agreements (collectively, "the CBA") it entered into with the 1115 Florida Division of Service Employees International Union Local 1199, the exclusive representative of its employees in classifications including nurse's aides, orderlies, dietary aides, and housekeeping employees.

34. As a participating employer, A.D.M.E. Partners was obligated to make contributions to the Pension Fund to fund benefits for employees covered by the Pension Fund pursuant to the CBA and the Agreement and Declaration of Trust of the Pension Fund.

35. On or about February 1, 2017, A.D.M.E. Partners completely withdrew from the Pension Fund within the meaning of Section 4203 of ERISA, 29 U.S.C. § 1383.

36. Oceanside's withdrawal from the Pension Fund occurred because Oceanside ceased operation as a skilled nursing facility in or about 2016, following Esformes's indictment.

37. At the time of A.D.M.E. Partners' withdrawal, the Pension Fund's obligations to its participants and beneficiaries constituted an unfunded vested liability.

38. As a result of A.D.M.E. Partners' complete withdrawal, it is obligated to pay withdrawal liability to the Pension Fund, as required by the Agreement and Declaration of Trust and by Section 4201(a) of ERISA, 29 U.S.C. § 1381(a).

39. In or about February 2020, the Pension Fund determined that A.D.M.E. Partners' Allocable Unfunded Vested Liability was $1,794,961.54. The Pension Fund further determined that, pursuant to the effect of ERISA's twenty-year cap on employer withdrawal-liability payments, 29 U.S.C. § 1399(c)(1)(B), the current amortized value of the 240 monthly payments A.D.M.E. Partners would be liable for was $1,285,746.57 (the "Withdrawal Liability"). The Pension Fund drafted a withdrawal liability notice setting forth A.D.M.E. Partners' Withdrawal Liability.

40. On or about July 15, 2020, the Pension Fund sent A.D.M.E. Partners' a Withdrawal Liability Delinquency Notice that informed A.D.M.E. Partners that it was five months delinquent in making its withdrawal liability installment payments. The Pension Fund's July 15, 2020 letter also attached a copy of the Pension Fund's February 2020 Determination of

Withdrawal Liability. The Pension Fund's July 15, 2020 letter also informed A.D.M.E. Partners that, if payment was not received within 60 days of that letter, the Pension Fund would demand payment of the entire outstanding amount of withdrawal liability, $1,285,746, plus accrued interest.

41. A.D.M.E. Partners took no action in response to the Pension Fund's July 15, 2020 Withdrawal Liability Delinquency Notice.

42. On or about August 20, 2020, the Pension Fund sent A.D.M.E. Partners another Withdrawal Liability Delinquency Notice by certified mail. The Pension Fund's August 20, 2020 letter again informed A.D.M.E. Partners that, if delinquent payments and interest were not made within 60 days of the Pension Fund's July 15, 2020 letter, the entire outstanding amount of withdrawal liability, $1,285,746, plus accrued interest, would become due.

43. A.D.M.E. Partners took no action in response to the Pension Fund's August 20, 2020 Withdrawal Liability Delinquency Notice.

44. On or about September 18, 2020, the Pension Fund sent A.D.M.E. Partners another Withdrawal Liability Delinquency Notice by certified mail. The Pension Fund's September 18, 2020 delinquency notice demanded payment of A.D.M.E. Partners' entire outstanding balance of withdrawal liability, which was calculated to then be $1,348,487.48, including interest. The Pension Fund's September 18, 2020 letter further informed A.D.M.E. Partners that, if full payment was not received within 60 days of the Pension Fund's letter, the Pension Fund would take further legal actions.

45. A.D.M.E. Partners took no action in response to the Pension Fund's September 18, 2020 Withdrawal Liability Delinquency Notice.

46. Through the date of this Complaint, A.D.M.E. Partners has not demanded arbitration within the meaning of Section 4221(a) of ERISA, 29 U.S.C. § 1401(a).

## CORPORATE VEIL FACTUAL ALEGATIONS

47. As further set forth below, Defendant Philip Esformes did not maintain a separate identity from Defendant A.D.M.E. Partners because he used A.D.M.E. Partners' assets to further a scheme to defraud the Medicare and Medicaid programs, and specifically used A.D.M.E. Partners' assets to pay kickbacks to his co-conspirators and to launder the proceeds of his fraudulent scheme.

48. On or about July 21, 2016, Defendant Philip Esformes, along with several co-conspirators, was indicted by the United States of America (the "Esformes Indictment") for Conspiracy to Commit Healthcare Fraud, in violation of 18 U.S.C. § 1349; Health Care Fraud, in violation of 18 U.S.C. § 1347; Conspiracy to Defraud the United States and Pay and Receive Health Care Kickbacks, in violation of 18 U.S.C. § 371; Receipt of Kickbacks in Connection with a Federal Health Care Program, in violation of 42 U.S.C. § 1320a-7b(b)(l)(A); Payment of Kickbacks in Connection with a Federal Health Care Program, in violation of 42 U.S.C. § 1320a-7b(b)(2)(A); Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h); Money Laundering, in violation of 18 U.S.C. § 1956(a)(l)(B)(i); and Obstruction of Justice, in violation of 18 U.S.C. § 1503.

49. In support of the Payment of Kickbacks in Connection with a Federal Health Care Program Counts, the Esformes Indictment alleged that Philip Esformes caused check number 23919 from the Oceanside Extended Care SNF bank account to be deposited into the Diversified Medical Group bank account.

50. In support of the Money Laundering count, the Esformes Indictment alleged that Philip Esformes caused check number 23919 from the Oceanside Extended Care SNF bank account to be deposited into the Diversified Medical Group bank account.

51. The Esformes Indictment also alleged forfeiture as to certain of Philip Esformes's assets, including a bank account bearing the account number 003447083409 held at Bank of America, N.A. in the name of ADME DBA Oceanside Extended Care. The forfeiture allegations also alleged that a piece of real property known as 550 9 Street, Miami Beach, Florida 33139 be made available as substitute real property to satisfy any forfeiture judgment as against Philip Esformes.

52. The piece of real property located at "550 9 Street, Miami Beach, Florida 33139" consists of land and a building on which the long-term facility Oceanside Extended Care Center, operated by Defendant A.D.M.E. Partners, was located.

53. At all relevant times prior to the Esformes Indictment, the real property known as "550 9 Street, Miami Beach, Florida 33139" was owned by A.D.M.E. Partners.

54. On or about April 5, 2019, a jury convicted Philip Esformes of twenty of the counts alleged in the Esformes Indictment.

55. As reflected on Philip Esformes's September 12, 2019 Judgment of Conviction, Esformes was convicted of Count 11, the Count alleging Payment of Kickbacks in Connection with a Federal Health Care Program involving check number 23919 drawn on the Oceanside Extended Care SNF bank account.

56. As reflected on Philip Esformes's September 12, 2019 Judgment of Conviction, Esformes was convicted of Count 19, the Count alleging Money Laundering involving check number 23919 drawn on the Oceanside Extended Care SNF bank account.

57. As reflected on Philip Esformes's September 12, 2019 Judgment of Conviction, Philip Esformes was sentenced to 240 months in prison.

58. On or about November 21, 2019, the United States District Court for the Southern District of Florida entered an "Order of Forfeiture" finding that the Esformes Network and their respective operating companies, including A.D.M.E. Partners d/b/a/ Oceanside, made Philip Esformes's money laundering activity less difficult or more or less free from obstruction and hindrance.

59. The court further concluded that the Esformes Network and their respective management companies constituted property that was involved in Philip Esformes's money laundering offenses, and was therefore subject to forfeiture. The court entered a forfeiture order against Philip Esformes in the amount of $38,700,795.

60. On or about November 21, 2019, the United States District Court for the Southern District of Florida entered an "Order of Forfeiture of Directly Forfeitable Assets." That Order required, inter alia, that all interest in "ADME Investment Partners LTD (Operating Company)(D/B/A **Oceanside Extended Care Center**" held by, on behalf of, or for the benefit of Philip Esformes be forfeited to the United States of America.

61. Defendant Philip Esformes's criminal and fraudulent activity, including his criminal and fraudulent activity involving the assets of A.D.M.E. Partners d/b/a Oceanside, was a direct and proximate cause of the court's Order forfeiting assets held by A.D.M.E. Partners to the United States of America.

62. Defendant Philip Esformes's criminal and fraudulent activity, including his criminal and fraudulent activity involving the assets of A.D.M.E. Partners d/b/a Oceanside, was a direct and proximate cause of A.D.M.E. Partners' withdrawal from the Pension Fund.

63. Defendant Philip Esformes's criminal and fraudulent activity, including his criminal and fraudulent activity involving the assets of A.D.M.E. Partners d/b/a Oceanside, was a direct and proximate cause of any inability of A.D.M.E. Partners' to satisfy a judgment for withdrawal liability owed to Plaintiffs.

## ASSET ALLEGATIONS

64. On or about August 1, 2017, A.D.M.E. Partners moved the United States District Court for the Southern District of Florida for an order approving the sale of its Certificate of Need to operate Oceanside to putative buyer La Mer NH LLC. According to A.D.M.E. Partners' motion, the Certificate of Need would be sold for $5,880,000. A.D.M.E. Partners' motion further proposed that "upon the approved sale of the Certificate of Need for the 196 beds of Oceanside, ADME shall deliver to the United States a cashier's check made payable to the United States Marshal's Service in an amount equal in value to Philip Esformes' pro rata share of the net seller proceeds derived from the sale (approximately $1,764,000 (US))."

65. On or about August 2, 2017, the court entered an order granting A.D.M.E. Partners' motion to approve the sale of Oceanside's Certificate of Need.

66. Upon information and belief, the sale of Oceanside's Certificate of Need occurred as proposed in A.D.M.E. Partners' August 1, 2017 motion, except that the Certificate of Need was ultimately sold to an affiliate of La Mer NH LLC known as "La Mer NH II LLC."

67. On or about October 6, 2017, A.D.M.E. Partners moved the Southern District of Florida for an order approving the sale of the real property out of which it operated Oceanside. According to A.D.M.E. Partners' motion, the real property of Oceanside that was owned by A.D.M.E. Partners would be sold to Simon Nemni for $17,625,000.

68. On or about October 6, 2017, the Court entered an Order granting A.D.M.E. Partners' motion to approve the sale of Oceanside's real property.

69. Upon information and belief, the sale of Oceanside's real property occurred as proposed in A.D.M.E. Partners' October 6, 2017 motion.

70. Defendant Philip Esformes's criminal and fraudulent activity, including his criminal and fraudulent activity involving the assets of A.D.M.E. Partners d/b/a Oceanside, was a direct and proximate cause of A.D.M.E. Partners' sale of its Certificate of Need and the assignment of Philip Esformes's net proceeds from that sale to the United States of America.

71. Defendant Philip Esformes's criminal and fraudulent activity, including his criminal and fraudulent activity involving the assets of A.D.M.E. Partners d/b/a Oceanside, was a direct and proximate cause of A.D.M.E. Partners' sale of the real property out of which Oceanside operated.

72. Philip Esformes is jointly and severally liable for the Withdrawal Liability A.D.M.E. Partners owes to Plaintiffs.

## CONTROL GROUP ALLEGATIONS

73. Defendant Philip Esformes controlled, operated, or owned each of the employers that made up the Esformes Network.

74. Each of the employers in the Esformes Network was either a skilled nursing facility or an assisted living facility.

75. At the time of A.D.M.E. Partners' withdrawal from the Pension Fund, the employers in the Esformes Network were each a member of a group of trades or businesses under common control with A.D.M.E. Partners, within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).

76. The employers in the Esformes Network are jointly and severally liable for the Withdrawal Liability A.D.M.E. Partners owes to Plaintiffs.

## GENERAL PARTNER ALLEGATIONS

77. At the time A.D.M.E. Partners withdrew from the Pension Fund and at the time the Pension Fund assessed the withdrawal liability on A.D.M.E. Partners, A.D.M.E. Corp. was the general partner of A.D.M.E. Partners within the meaning of Fla. Stat. Ann. § 620.1404.

78. Morris Esformes was, at all relevant times, the president and secretary of A.D.M.E. Corp. and, in that capacity, was the responsible official signing A.D.M.E. Corp.'s corporation annual reports filed with the Florida Secretary of State.

79. On behalf of its general partner, A.D.M.E. Corp., Morris Esformes also signed A.D.M.E. Partners' Florida limited partnership Annual Reports as general partner.

80. Morris Esformes is the father of Defendant Philip Esformes.

81. A.D.M.E. Corp. is jointly and severally liable for the Withdrawal Liability A.D.M.E. Partners owes to Plaintiffs.

## COUNT ONE – RECOVERY OF WITHDRAWAL LIABILITY

82. Plaintiffs reallege and incorporate by reference Paragraphs 1–81.

83. Because of A.D.M.E. Partners' default, the full amount of the Withdrawal Liability is due and owing to Plaintiffs. That amount totals $1,285,746.57. Further, in accordance with the Agreement and Declaration of Trust, the rules and regulations of the Pension Fund, and Sections 502(g)(2) and 4301 of ERISA, 29 U.S.C. § 1132(g)(2) and § 1451, A.D.M.E. Partners is obligated to pay liquidated damages, interest, attorneys' fees and costs of the action.

84. Because the employers in the Esformes Network were at the relevant time members of a group of trades or businesses under common control with A.D.M.E. Partners, they are jointly and severally liable for the amounts that A.D.M.E. Partners owes to Plaintiffs.

85. Because A.D.M.E. Corp. was at the relevant time the general partner of A.D.M.E. Partners, it is jointly and severally liable for the amounts that A.D.M.E. Partners owes to Plaintiffs.

86. By exercising dominion or control over A.D.M.E. Partners with respect to its participation and withdrawal from the Pension Fund, and/or by abusing A.D.M.E. Partners' corporate form, Philip Esformes harmed the Pension Fund, and he is therefore personally liable for the amounts that A.D.M.E. Partners owes to Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ask the Court to award them a judgment against all Defendants in the full amount of the Withdrawal Liability owed by A.D.M.E. Partners, together with interest, liquidated damages, attorneys' fees and costs, and such other legal and equitable relief to which Plaintiffs are entitled.

Respectfully Submitted,

s/ *Adam Bellotti*
Kathleen Keller (kkeller@bredhff.com)
Adam Bellotti (abellotti@bredhoff.com)
Bredhoff & Kaiser, P.L.L.C.
805 Fifteenth Street, N.W. Suite 1000
Washington, D.C. 20005
(202) 842-2600